UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ANTONIO CORTEZ,

    Petitioner,

v.                                              CASE NO:  8:03-CV-1482-T-30MSS

JOSEPH PETROVSKY, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus on July 9, 2003, pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the Petition, Respondents' response (Dkt. #7) and Petitioner's reply (Dkt. #9) thereto.  Upon review, the Court determines that the Petition must be denied because it is both untimely and fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Petitioner challenges his state convictions for second degree murder and aggravated child abuse, charges to which he pled guilty in the Thirteenth Judicial Circuit, Hillsborough County, Florida.  The victim, Jonathan Flam, had been left in Petitioner's care for babysitting purposes while the child's mother was at work.  The child received injuries while in Petitioner's care, said injuries resulting in death.  Petitioner is presently serving a twenty-five

(25) year sentence on the second degree murder charge and a fifteen (15) year sentence on the aggravated child abuse charge, both terms running concurrently.  Petitioner did not pursue a direct appeal of his convictions or sentences, but did seek post-conviction relief pursuant to a Rule 3.850 motion.

## THE PETITION IS UNTIMELY

The Petition is untimely pursuant to 28 U.S.C. §2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA provides that a person in custody pursuant to the judgment of a state court has one (1) year from the date his judgment became final to file a §2254 habeas petition in federal court.  Petitioner was sentenced on May 29, 1998, and, therefore, his conviction became final on June 29, 1998.  Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988).  Petitioner had until June 28, 1999, to file his federal habeas petition.

While AEDPA allows this one (1) year period to be tolled during the pendency of a Rule 3.850 motion, Petitioner did not file his Rule 3.850 motion until March 29, 2000, nine (9) months after his one (1) year time period expired.  Therefore, this habeas petition is procedurally barred by AEDPA's time limitation.

Petitioner acknowledges that his Petition is governed by AEDPA and that the AEDPA time limitation applies to his Petition.  But Petitioner argues that he should be entitled to equitable tolling of the time limitation.  Section 2244(d) permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with due diligence.  Steed v. Head, 219 F.3d 1298 (11th Cir. 2000).

Equitable tolling is an extraordinary remedy which is typically applied sparingly. Steed at 1298. In his reply (page 3, Dkt. #9), Petitioner states:

> Petitioner contends that due to the fact that Florida Department of Corrections does not provide Spanish speaking interpreters to non English (sic) speaking inmates and that back when Petitioner filed Rule 3.850 motion F.D.O.C. law clerks was (sic) incompetent and Petitioner could not read or write that well to understand what the Court required under 2244(d) (see F.D.O.C. inmate test score Exhibit A attached).

Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking.[1] Such a result is contrary to common sense. Additionally, it has been previously rejected by the Eleventh Circuit. See U.S. v. Montano, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (claim that language difficulties prohibited petitioner from timely discovering a legal argument did not constitute "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in §2255). Since Petitioner's §2254 Petition is untimely, it must be denied.

It is unnecessary to proceed further in analyzing the specific claims made in support of this habeas petition, but the Court will explain briefly why the Petition fails to meet the threshold requirements of 28 U.S.C. §2254(d) and (e).

---

[1] The Court notes that Petitioner's claim to be non-English speaking is refuted by his own sworn testimony that he reads, writes, and understands the English language. See portions of record quoted on pages 7-8 of this opinion.

**SECTION 2254 THRESHOLD**

The Petition fails to meet the §2254 threshold. When a federal court is asked to review a criminal conviction from state court, §2254 places a heavy burden upon the Petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000).

Petitioner apparently seeks to meet the first standard claiming the state court appellate decision involved an unreasonable application of clearly established federal law. (Petitioner's reply (Dkt. #9), page 5). First, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was not "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). Further, this Court is required to accept the findings of fact made by a state court as correct unless the Petitioner overcomes the presumption of correctness by clear and convincing evidence. Here, Petitioner has not met either burden.

In his Petition before this Court, Petitioner has raised five (5) grounds for relief, all of which were raised in the state court in his post-conviction 3.850 motion. The state court found the claims to be without merit. That decision was affirmed by the state appellate court without written opinion. The Eleventh Circuit has held that even decisions without written

opinion are entitled to the same deference as if the appellate court had entered written findings to support its decision. Wright v. Sec. of Dept. of Corr., 278 F.3d 1245, 1255-56 (11th Cir. 2002).

This Court has reviewed the state courts' decisions and determines that they are neither contrary to established federal law nor do they involve an unreasonable determination of the facts. The state trial court held an evidentiary hearing and its findings of fact together with its correct application of the Strickland standard for analyzing ineffective assistance of counsel claims renders Petitioner's claims meritless. See Strickland v. Washington, 466 U.S. 668 (1984).

The state trial court denied certain of Petitioner's grounds summarily without a hearing and ordered a hearing as to the remaining claims. As to the claims summarily denied, the trial court's written Order provides:

> In ground 1, Defendant claims ineffective assistance of counsel due to counsel's failure to consider a change of venue because of extensive pre-trial publicity in the Defendant's case. Specifically, Defendant claims that he relied on counsel's advice not to pursue a change of venue. However, a defendant who chooses to plead guilty, nolo contendere, or as an habitual felony offender, gives up certain fundamental rights with his plea. A defendant who pleads guilty waives his right to appeal the judgment because a plea of guilty is both a confession and a conviction. Robinson v. State, 373 So.2d 898 (Fla. 1979). A defendant who pleads guilty may appeal only those errors which would invalidate the plea itself. Id. In addition, the defendant must also show that, but for the attorney's misstatements or lack of advice, he would not have pled as he did. Thornburg v. State, 591 So.2d 1121 (Fla. 1st DCA 1992).
>
> In case 97-12859, Defendant pled guilty to Child Abuse on May 29, 1998. (See Judgment and Sentence, attached). In case 97-17547, Defendant pled guilty to Murder in the Second Degree (count one) and Aggravated Child Abuse (count two) on May 29, 1998. (See Judgment and Sentence, attached).

Moreover, Defendant did not allege that but for counsel's erroneous advice, he would not had pled. Furthermore, Defendant has failed to prove how any extensive pre-trial publicity affected his cases as Defendant did not have a trial in either case, and pled guilty to the alleged offenses in cases 97-12859 and 97-17547 on May 29, 1998. (See Judgments and Sentence, attached). Therefore, Defendant has failed to meet the second prong of Strickland in that he has failed to prove how any alleged deficient conduct resulted in prejudice. Since Defendant has failed to meet the second prong of Strickland, it is unnecessary to address the performance component. As such, no relief is warranted upon this ground.

In ground 2, Defendant claims ineffective assistance of counsel due to counsel's failure to perform a pretrial investigation, counsel's failure to interview witnesses/suspects, and counsel's failure to subpoena them for deposition. Specifically, Defendant claims he asked his attorney to investigate the victim's mother, Ms. Nadine Flam, the victim's grandfather, Mr. Salvadore Flam, the victim's grandmother, Ms. Anna Flam, the victim's uncle, Mr. Aldo Flam, Nadine's former boyfriend Jeff, and the victim's next door neighbor, Maria. In addition, Defendant claims counsel should have interviewed the victim's neighbors, and the victim's teachers, and the victim's school counselors.

In cases involving claims of ineffective assistance of counsel for failure to investigate and interview witnesses, facially sufficient postconviction motions must include: identity of prospective witnesses; substance of witnesses testimony; and explanation as to how omission of such evidence prejudiced the outcome of trial. Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993).

As to witnesses Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, Mr. Aldo Flam, Jeff, and Maria, the Court is unable to conclusively refute the allegations raised in ground 2 of Defendant's Motion with respect to those individuals. As such, the Office of the State Attorney is ordered to respond to ground 2 of Defendant's Motion with respect to Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, Mr. Aldo Flam, Jeff, and Maria.

As to the victim's neighbors, the victim's teachers, and the victim's school counselors, Defendant has failed to meet the second and third prongs of the Highsmith test in that he has failed to state what the substance of their testimony would have been and how the omission of their testimony prejudiced the outcome of the case. Since Defendant has failed to meet the

Highsmith test, no relief is warranted with respect to ground 2 of Defendant's Motion with respect to the victim's neighbors, the victim's teachers, and the victim's school counselors.

. . .

In ground 4, Defendant claims ineffective assistance of counsel because counsel coerced and persuaded Defendant into taking a guilty plea rendering Defendant's plea involuntary. However, on May 19, 1998, the Court inquired as to the voluntariness of Defendant's plea during the following:

COURT: Mr. Cortez, it's my understanding that the State is going to reduce the first degree murder charge to a charge of second degree murder, a first degree felony punishable by up to life in prison; is that correct, Mr. Chalu?

MR. CHALU: First degree punishable by life, correct, Your Honor.

COURT: All right.

MR. CHALU: As charged as to count two which is aggravated child abuse and as charged as to the other case which are third degree felonies.

COURT: All right, sir, is that correct, you wish to enter pleas of guilty to all those things?

DEFENDANT: Yes, Your Honor.

COURT: Are you entering pleas of guilty because you are in fact guilty, sir?

DEFENDANT: Yes, Your Honor.

COURT: Sir, do you read, write and understand the English language?

DEFENDANT: Yes, sir.

COURT: Did you read this plea form front and back?

| | |
|---|---|
| DEFENDANT: | Yes, Your Honor. |
| COURT: | Do you understand you're giving up your right to a trial, a right to confront and cross-examine the State's witnesses, to call witnesses in your own behalf and in addition to that you're giving up your right to an appeal, sir, do you understand that? |
| DEFENDANT: | Yes, sir. |
| COURT: | Have you had sufficient time to discuss this with your attorney Mr. Rinaldo? |
| DEFENDANT: | Yes, Your Honor. |
| COURT: | Are you satisfied with his services? |
| DEFENDANT: | Yes, Your Honor. |
| COURT: | Mr. Rinaldo, are these pleas entered with your approval? |
| MR. RINALDO: | They are, Judge. |
| COURT: | Sir, has anyone made you any promises concerning any gain time, credit time anything like that regarding these cases? |
| DEFENDANT: | No, Your Honor. |
| COURT: | All right. Sir, are you under the influence of any alcohol or drugs here today or have you been within the last 24 hours? |
| DEFENDANT: | No, Your Honor. |
| COURT: | What grade did you complete in school? |
| DEFENDANT: | I was promoted to eleventh grade. |
| COURT: | All right. I'll find his plea is freely, voluntarily, knowingly and intelligently entered. |

(See May 29, 1998 Transcript, pages 3-6, attached).

Defendant assured the Court that he was entering his pleas voluntarily and of his own free will without any pressure from anyone. (See May 29, 1998 Transcript, pages 3-6, attached). Moreover, the Court found that Defendant's pleas were freely, voluntarily, knowingly, and intelligently entered. (See May 29, 1998 Transcript, page 6, attached). As such, Defendant's claim that his counsel coerced him into entering the pleas is without merit, and no relief is warranted upon this ground.

The court held an evidentiary hearing on the remaining claims during which it heard the testimony of Petitioner Jose Cortez, trial counsel Nicholas Rinaldo, and Mr. Rinaldo's private investigator, Dennis Floyd. Following that hearing, the state trial court entered a written Order denying the Rule 3.850 motion and disposing of Petitioner's remaining claims:

> As to witnesses Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam, on March 15, 2001, at the evidentiary hearing, Defendant testified that his counsel, Mr. Nicolas Rinaldo, did depose Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam. (See March 15, 2001 Transcript, page 16, attached). Moreover, on March 15, 2001, Mr. Rinaldo testified that he took the depositions of Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam, and gave a copy to Defendant. (See March 15, 2001Transcript, pages 35-36, attached). With respect to the aforementioned witnesses as well as to Jeff and Maria Hernandez, Defendant testified on March 15, 2002, that with respect to all the incidents he raised in ground 2 of his Motion, they were either incidents that he did not witness, or if he did witness them, they occurred prior to October 27th and 28th, the period of time Jonathan Flam was beaten, thereby causing his death. (See March 15, 2001 Transcript, pages 18, 23-24, 43-46 attached). Furthermore, Defendant testified that he was in sole exclusive custody of Jonathan Flam prior to taking him to the hospital where his mother, Ms. Nadine Flam, was working. (See March 15, 2001 Transcript, pages 24-25, attached).
>
> As to Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam, Defendant has failed to meet the first prong of Strickland in that

he has failed to prove counsel failed to investigate and depose the aforementioned potential witnesses. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component.

As to Jeff and Maria Hernandez, Defendant has failed to meet the second prong of Strickland in that he has failed to prove how counsel's alleged failure to investigate and depose Jeff and Maria Hernandez, resulted in prejudice. Since Defendant has failed to meet the second prong of Strickland, it is unnecessary to address the performance component. As such, no relief is warranted upon ground 2.

In ground 3, Defendant claims ineffective assistance of counsel due to counsel's erroneous information regarding the amount of prison time that Defendant would have to serve under the "Stop Turning Out Prisoners Act."

On March 15, 2001, Defendant testified that his counsel told him that he would have to serve 85% of his twenty-five (25) year sentence, resulting in 18-20 years. (See March 15, 2001 Transcript, pages 28-30, attached). On March 15, 2001, Mr. Rinaldo testified that he remembers telling Defendant that the least he would do is 85% of his sentence and the most is twenty-five (25) years. (See March 15, 2001 Transcript, pages 39, and 50-51, attached). Moreover, Mr. Rinaldo testified that he explained to Defendant that it would be a determination by the Bureau of Prison and the Department of Corrections, and that he did not tell Defendant what the exact term of years he would serve was because he did not know. (See March 15, 2001, page 39, attached).

On March 15, 2001, Mr. Dennis Floyd, the private investigator, testified that Mr. Rinaldo would not have known what the number of years would have been, and does not recall Mr. Rinaldo telling Defendant 18 to 20 years. (See March 15, 2001 Transcript, page 59, attached). Therefore, Defendant has failed to meet the first prong of Strickland in that Defendant has failed to prove counsel told him that 85% of 25 years was 18 to 20 years. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. As such, no relief is warranted upon this ground.

In ground 5, Defendant claims ineffective assistance of counsel due to counsel's failure to present a defense. Specifically, Defendant maintains that he is not guilty of the charges, and his attorney should have fully investigated the victim's mother, Ms. Nadine Flam, the victim's grandfather, Mr. Salvadore Flam, the victim's grandmother, Ms. Anna Flam, the victim's uncle, Mr. Aldo Flam, Nadine's former boyfriend, Jeff, and the victim's neighbor, Maria.

However, as previously discussed in ground 2, Defendant testified that his counsel, Mr. Nicholas Rinaldo, did depose Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam. (See March 15, 2001 Transcript, page 16, attached). Mr. Rinaldo testified that he took the depositions of Ms. Nadine Flam, Mr. Salvadore Flam, Ms. Anna Flam, and Mr. Aldo Flam, and gave a copy to Defendant. (See March 15, 2001 Transcript, pages 35-56, attached). Moreover, Mr. Rinaldo testified that the incidents that allegedly occurred prior to Jonathan Flam being placed in Defendant's custody on October 27th at 3:00 p.m. could not have been raised as a viable defense due to the doctors' testimony that the death was the result of a beating type situation and not an accidental fall. (See March 15, 2001 Transcript, pages 42-46, attached).

With respect to the aforementioned witnesses as well as to Jeff and Maria Hernandez, Defendant testified on March 15, 2001, that with respect to all the incidents he raised in ground 5 of his Motion, they were either incidents that he did not witness, or if he did witness them, they occurred prior to October 27th and October 28th, the period of time Jonathan Flam was beaten, thereby causing his death. (See March 15, 2001 Transcript, pages 18, 23-24, and 43-46, attached). Furthermore, Defendant testified that he was in sole exclusive custody of Jonathan Flam prior to taking him to the hospital where his mother, Ms. Nadine Flam, was working. (See March 15, 2001 Transcript, pages 24-25, attached).

On March 15, 2001, Mr. Dennis Floyd, the private investigator, testified that none of the character witnesses could provide any kind of defense for Defendant in terms of tending to prove that he may not be guilty of this charge. (See March 15, 2001 Transcript, pages 57-58, attached).

Therefore, Defendant has failed to meet the first prong of Strickland in that he has failed to prove counsel failed to investigate and present a viable defense where no viable defense existed. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. As such, no relief is warranted upon ground 5.

It is therefore **ORDERED AND ADJUDGED** that grounds 2 (in part), 3, and 5 of Defendant's Motion are hereby **DENIED**.

(Exhibit 8 at pp. 3-7).

This Court determines that the state court made appropriate findings of fact from the evidence before it and properly applied federal law. Therefore, the Petition before the Court fails to meet the threshold of 28 U.S.C. §2254(d) and (e). Even had the Petition been filed timely, it would have been denied for failing to meet this threshold requirement.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner.

3. The Clerk is directed to terminate any pending motions and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2003\03-cv-1482.order habeas.wpd*